JOSEPH HUDSON, administrator, for use, etc., plaintiff in error, *vs.* JOSEPH T. SPENCE, defendant in error.

When the maker of a note, dated in 1863, pleads, that the same was payable in Confederate currency, and the only evidence on the trial is the date of the note, and that the consideration expressed therein was cotton in the gin-house of the payee, and his growing crop of cotton, the defendant being a competent witness, although the payee is dead, his evidence is the best evidence which exists of the fact sought to be proved, and should be produced.

Scaling Ordinance. Witness. Before Judge KIDDOO. Mitchell Superior Court. May Term, 1873.

Joseph Hudson, as administrator upon the estate of David Hudson, deceased, for the use of Simeon Beck, brought complaint against Joseph T. Spence upon the following note :

" On the 25th day of December next, I promise to pay David Hudson, one thousand dollars for cotton now in the gin-house of said Hudson, and his crop of the present year, to be picked and placed in gin-house. August 10th, 1863.
(Signed) " JOSEPH T. SPENCE."

The defendant pleaded as follows : 1st. The general issue. 2d. That it was the understanding between the parties to said note that it was to be paid in Confederate money, and that he tendered payment in said currency. 3d. That David

Hudson failed to place in said gin-house his cotton crop for the year 1863, according to the terms of said note.

The plaintiff, Simeon Beck, testified that he purchased the note sued on from David Hudson prior to his death and before it matured, giving therefor $1,000 00 in Confederate money; that in the year 1864, defendant offered to pay off said note in Confederate money, but he refused to take it; that defendant offered him $1,500 00 in Confederate money for the note; that defendant did not state that he did not get the cotton for which the note was given; that Marion Collins did not offer to him the money for the note, though they had some conversation about it.

Marion Collins testified that the defendant, in 1864, got him to see plaintiff to try and get up his note for $1,000 00; that defendant had himself endeavored to induce plaintiff to take the money, but had failed; that he agreed to pay witness $100 00 if he could induce the plaintiff to accept the Confederate money; that witness made the effort, but failed.

James Spence testified that about January 1st, 1864, a few days after the note fell due, plaintiff came to defendant's house, and witness heard a conversation between them as to the note; that defendant stated that the note was to be paid in Confederate currency, at the same time tendering it to plaintiff; that plaintiff refused to accept it; that from January 1st, 1863, the defendant had always on hand large amounts of Confederate money, and in this way lost largely at the surrender of the Confederate armies.

W. A. Byrd testified that in 1866 cotton sold in Mitchell county for forty-eight cents per pound.

It was admitted that $1 00 in gold was worth, at the date of the note, $15 00 in Confederate money, and at the maturity thereof, $20 00.

The jury found for the plaintiff $133 33, without interest. The plaintiff moved for a new trial, because said verdict was contrary to the law and the evidence. The motion was overruled, and the plaintiff excepted.

Hudson *vs.* Spence.

VASON & DAVIS; W. A. BYRD, for plaintiff in error.

JAMES H. SPENCE; W. E. SMITH; LYON & IRVIN, for defendant.

TRIPPE, Judge.

The note was executed in August, 1863, payable the ensuing December. It was therein expressed to be given for the cotton in the gin-house of the payee, and his then growing crop. The payee was dead, and the suit was in the name of plaintiff, as bearer. Defendant pleaded the Scaling Ordinance of 1865. There was no evidence at the trial showing what the cotton was worth, or that the note was to be paid in Confederate money. The jury scaled the note from $1,000 00 to $133 33, and gave a verdict for the latter amount. It was urged that the date of the note was sufficient evidence to show the currency in which it was to be paid. We are not prepared so to hold, at least under the facts as they exist in this case. There was better evidence of that fact, if it were true, than the presumption furnished by the date of the note, if, indeed, such a presumption could spring from the date. The defendant knew the truth of the matter. He was a competent witness, notwithstanding the death of the payee: *Horne et al. vs. Young et al.,* 40 *Georgia,* 193. The Act of December 18th, 1866, touching the competency of parties as witnesses in such cases, was passed three days after the General Evidence Act. Section 3707, Revised Code, declares "the best evidence which exists of the fact sought to be proved must be produced, unless its absence is satisfactorily accounted for."

We think it best that a new trial should be had, and that the maker be required to testify to what he claims he has presumptively proven. We do not hold that the presumption did exist, nor do we pass either way upon that point. We simply mean that whether or not there was such a presumption, it was not sufficient in this case.

Judgment reversed.